**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **STEPHEN J. BOYD,** | ) | **CASE NO. 3:10-CV-2166** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | **MAGISTRATE JUDGE GREG WHITE** |
| | ) | |
| **TIM BRUNSMAN, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | **REPORT AND RECOMMENDATION** |

Petitioner, Stephen J. Boyd ("Boyd") challenges the constitutionality of his sentence in the case of *State v. Boyd*, Lucas County Court of Common Pleas Case No. CR-03-3236. Boyd, represented by counsel, filed his Petition for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on September 27, 2010. On February 25, 2011, Warden Brunsman ("Respondent") filed his Answer/Return of Writ. (Doc. No. 7.) Granting Petitioner's motion to supplement the record, the Court ordered Respondent to submit a copy of the original sentencing transcript. (Doc. No. 12.) Respondent did so on April 18, 2011. (Doc. No. 13.) Boyd filed a Traverse on May 9, 2011. (Doc. No. 14.) Respondent filed a Reply on May 24, 2011. (Doc. No. 15.) For reasons set forth in detail below, it is recommended that Boyd's Petition be denied.

## I. Procedural History

### A. Conviction

On October 10, 2003, a Lucas County Grand Jury charged Boyd with four counts of rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02(A)(2) and (B). (Doc. No. 7-1, Exh. 1.) On March 24, 2004, a jury found Boyd guilty as charged. On May 3, 2004, the trial court imposed a sentence of ten years on each count, with counts one and two to run concurrently to one another, but consecutive to counts three and four, and counts three and four to run

concurrently to one another but consecutive to counts one and two, resulting in an aggregate prison term of twenty years.  (Doc. No. 7-1, Exh. 4.)

    **B.**    **Direct Appeal**

On December 27, 2005, Boyd, through new counsel, filed a Notice of Appeal with the Court of Appeals for the Sixth Appellate District ("state appellate court"), raising two assignments of error:

> 1. In sentencing the Appellant, the trial court relied on facts not within the jury verdict or admitted by the Defendant, contrary to the United States Supreme Court's rulings in *USA v. Booker*[, 543 U.S. 220 (2005)] and *Blakely v. Washington*[, 542 U.S. 296 (2004*)].*
>
> 2. In the imposition of consecutive sentences, the trial court relied on facts not within the jury verdict or admitted by the Defendant, contrary to the United States Supreme Court's rulings in *USA v. Booker* and *Blakely v. Washington*.

(Doc. No. 7-1, Exh. 5.)  Simultaneously, counsel was allowed to withdraw.  *Id.*  The court granted Boyd leave to file a *pro se* supplemental brief, setting forth four additional assignments of error:

> 1. The trial court abused its discretion in refusing to sever the counts in the indictment where Appellant showed actual prejudice in the pre-trial motion hearing, violating Appellant's right to a fair trial and due process of law.
>
> 2. Appellant was deprived of the effective assistance of counsel where counsel failed to adequately research, prepare and investigate for trial, and failed to make proper objections, in violation of the Sixth and Fourteenth Amendments.
>
> 3. Appellant was deprived of due process of law by the misconduct of the prosecutor in refusing to comply with discovery requirements.
>
> 4. Appellant was deprived of due process of law by the requirement to proceed *pro se* on appeal and the denial of any access to the transcript to prepare his merit brief.

(Doc. No. 7-1, Exh. 6.)

On August 11, 2006, the court affirmed Boyd's conviction, but vacated his sentence and remanded the case for resentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).  (Doc. No. 7-1, Exh. 7.)  No appeal was taken to the Ohio Supreme Court.

2

### C.  Resentencing

On February 26, 2007, a new judge sentenced Boyd to serve ten years imprisonment for each count of rape with all counts to be served consecutive to one another, resulting in an aggregate term of forty years.  (Doc. No. 7-1, Exh. 9.)  Boyd moved for reconsideration of his sentence, which was denied on April 20, 2007.  (Doc. No. 7-1, Exhs. 10, 11.)

### D.  Direct Appeal of Second Sentence

Boyd, through counsel, timely appealed his resentencing, raising the following assignments of error:

>       1.    Appellant was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution when the resentencing court imposed a harsher sentence upon remand.
>
>       2.    The resentencing court acted outside of its authority when it modified aspects of Appellant's sentence which were not subject to the assignments of error set forth in his first appeal, thereby denying Appellant due process as provided by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.
>
>       3.    Appellant was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution when the resentencing court imposed a harsher sentence upon remand.
>
>       4.    The resentencing court acted outside of its authority when it modified aspects of Appellant's sentence which were not subject to the assignments of error set forth in his first appeal, thereby denying Appellant due process as provided by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.

(Doc. No. 7-1, Exh. 13.)

On July 31, 2009, the court affirmed Boyd's sentence.  (Doc. No. 7-1, Exh. 16.)  On August 28, 2009, Boyd, through new counsel, filed a timely notice of appeal to the Ohio Supreme Court asserting two propositions of law:

>       1.    When a defendant receives a resentencing hearing based on the authority of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, and the resentencing judge differs from the original sentencing judge, the defendant must still be afforded the presumption of vindictiveness before the resentencing court may increase the defendant's sentence.  Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio

Constitution.

2.      A court may not engage in vindictive sentencing tactics. Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution.

(Doc. No. 7-1, Exh. 18.)  On November 18, 2009, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.  (Doc. No. 7-1, Exh. 20.)

    **E.      Federal Habeas Petition**

On September 27, 2010, Boyd filed a Petition for Writ of Habeas Corpus and asserted a sole ground for relief:

**Ground One**: Stephen J. Boyd was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution when the resentencing court imposed a harsher sentence upon remand.

(Doc. No. 1.)

**II.  Review on the Merits**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Clearly established federal law is to be determined by the holdings of the United States Supreme Court.  *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)).

4

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law.  *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

### III.  Analysis

Boyd contends that his sentence was vindictively increased from twenty to forty years by the trial judge at his *Foster* resentencing hearing.  (Doc. No. 1 at 16-17.)  Relying on the court's remarks at the resentencing that Boyd did not "deserve it [more time]," Boyd argues that the court punished him for successfully appealing.  (Doc. No. 1 at 17.)  Respondent argues that the United States Supreme Court has not extended the presumption of vindictiveness to new judge resentencings and Boyd has not shown actual vindictiveness. (Doc. Nos. 7 at 8-13; 15 at 2-4.)

A court is not constitutionally barred from imposing a greater sentence upon a defendant who is being resentenced after a successful appeal.  *North Carolina v. Pearce*, 395 U.S. 711, 719-723 (1969).  Rather, a court may not impose a greater sentence on remand out of vindictiveness.  *Id.* at 725.  It is not the increase, but the retaliatory motive that violates due process.  *Id.*  As a protection against an increase due to vindictive intent, the *Pearce* Court imposed a presumption of vindictiveness when a sentence is increased after a successful

5

appeal. *Id*. at 726.

Subsequently, the Supreme Court curtailed the reach of the *Pearce* presumption. In *Texas v. McCullough*, 475 U.S. 134, 140 (1986), the Supreme Court found that "[t]he presumption [of vindictiveness was] inapplicable because different sentencers assessed the varying sentences that [the defendant] received." The *McCullough* Court explained that where the sentence is imposed by a different sentencer, it cannot be said that an increase has truly taken place. *Id*.; *Colten v. Kentucky*, 407 U.S. 104 (1972) (finding the *Pearce* vindictiveness presumption inapplicable where the defendant challenged his conviction in a two-tier system and the second court, which imposed a greater sentence, was not the same court that imposed the earlier sentence);[1] *cf. Chaffin v. Stynchcombe*, 412 U.S. 17, 27 (1973) (finding that presumption of vindictiveness should not be extended to jury sentencing as "the jury, unlike the judge who has been reversed, will have no personal stake in the prior conviction and no motivation to engage in self-vindication"). The presumption also did not apply when a judge issues a life term following a trial conducted on remand from a successful appeal of an invalid guilty plea and thirty-year sentence. *Alabama v. Smith*, 490 U.S. 794, 799 (1989). The *Smith* Court noted that the *Pearce* presumption is limited, as follows:

> Because the *Pearce* presumption "may operate in the absence of any proof of an improper motive and thus ... block a legitimate response to criminal conduct," *United States v. Goodwin, supra*, 457 U.S., at 373, 102 S.Ct., at 2488, we have limited its application, like that of "other 'judicially created means of effectuating the rights secured by the [Constitution],' " to circumstances "where its 'objectives are thought most efficaciously served,'" *Texas v. McCullough, supra*, 475 U.S., at 138, 106 S.Ct., at 979, *quoting Stone v. Powell*, 428 U.S. 465, 482, 487, 96 S.Ct. 3037, 3046, 3049, 49 L.Ed.2d 1067 (1976). Such circumstances are those in which there is a "reasonable likelihood," *United States v. Goodwin, supra*, 457 U.S., at 373, 102 S.Ct., at 2488, that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness, *see Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).

*Smith*, 490 U.S. at 799-800.

---

[1]In *Colten v. Kentucky*, the defendant was convicted of a misdemeanor. 407 U.S. 104. Kentucky had a two-tier criminal justice system, under which a defendant convicted of a misdemeanor in an inferior court, if dissatisfied with the outcome, could have a *de novo* trial in a court of general criminal jurisdiction. *Id*.

The refusal to extend the presumption to a case with two different sentencers is consistent with the goal of balancing the need to protect a defendant's Constitutional rights and the need to permit judicial discretion in legitimately punishing criminal acts. *See Smith*, 490 U.S. at 799. A second, detached sentencer "will have no personal stake in the prior conviction and no motivation to engage in self-vindication." *Chaffin*, 412 U.S. at 27. The presumption is fundamentally inapplicable when the defendant faces a different judge on remand for the very reason that "different sentencers assessed the varying sentences [the defendant] received. In such circumstances, a sentence 'increase' cannot truly be said to have taken place." *McCullough*, 475 U.S. at 140. The so-called increase can no more be blamed on a vindictive second sentencer then it can be blamed on an overly lenient first sentencer. *Colten*, 407 U.S. at 117.

As recently summarized by the Sixth Circuit, "*McCullough* teaches that the principle to be gleaned from *Pearce*, viewed in light of numerous intervening Supreme Court decisions, is that the presumption of vindictiveness applies where the circumstances demonstrate a need to protect against such. Or, in the terms used in *Smith*, 490 U.S. at 799-800, the presumption applies only where the circumstances give rise to a 'reasonable likelihood' that the sentence increase was the product of judicial vindictiveness." *Goodell v. Williams*, 643 F.3d 490, 500 (6th Cir. 2011). The *Goodell* Court noted that this principle is "clearly established" in the Sixth Circuit by other prior precedents. *See Gonzales v. Wolfe*, 290 Fed. Appx. 799, 812-813 (6th Cir. 2008) (following *McCullough* and holding presumption not warranted where different judge imposed sentence after defendant's successful appeal). In *Gauntlett v. Kelley*, 849 F.2d 213 (6th Cir. 1988), the Sixth Circuit also applied *McCullough's* teaching as clarifying and defining the scope of *Pearce*. "[W]hen the sentences are imposed by different sentencers, the presumption does not apply because there has been no real 'increase' in the sentence." *Id*. at 217.

The state appellate court, finding the presumption of vindictiveness not applicable, went on to conclude that there was no actual vindictivness:

{¶ 12} In his first and second assignments of error, appellant argues that the trial

7

court erred by imposing a harsher sentence upon appellant in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I, Ohio Constitution.

{¶ 13} In *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, the United States Supreme Court set aside the sentence of a defendant who had successfully appealed his conviction, but on remand was given a harsher sentence. The court held that a defendant's due process rights were violated when a harsher sentence was imposed as a result of vindictiveness in a successful appeal. *Id*. at 726.

{¶ 14} However, the United States Supreme Court eventually narrowed its decision in *Pearce* by holding that in the absence of a "reasonable likelihood" that the enlarged sentence was the product of vindictiveness, the burden was on the defendant to show "actual vindictiveness." *Alabama v. Smith* (1989), 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865.

{¶ 15} "Actual vindictiveness" implies an animus against a defendant because he or she exercised his or her right of appeal which resulted in the reversal of the prior conviction based upon an error made by the sentencing judge. *State v. Howard*, 174 Ohio App.3d 562, 883 N.E.2d 1077, 2007-Ohio-4334; *North Carolina v. Pearce* (1969), 395 U.S. 711, 723, overruled on other grounds, *Alabama v. Smith*, 490 U.S. 94 (1989). The focus of *Pearce* was the sentencer's personal motivation.

{¶ 16} Additionally, the Twelfth District Court of Appeals noted that numerous Ohio courts have not necessarily applied the *Pearce* presumption to cases that have been remanded for resentencing pursuant to *Foster* or have held that the presumption is not applicable in *Foster* remands. *State v. Fernbach*, 12th Dist. Nos. CA2006-11-130, CA2006-11-131, 2008-Ohio-5670, *citing State v. Andrews*, 12th Dist. No. CA2006-06-142, 2007-Ohio-223; *State v. Smith*, 5th Dist. No.2007-CA-0003, 2008-Ohio-2772; *State v. Johnson*, 174 Ohio App.3d 130, 881 N.E.2d 289, 2007-Ohio-6512; *State v. Shaffer*, 11th Dist. No.2006-P-0115, 2007-Ohio-6404; *State v. Wagner*, 10th Dist. No. 14-06-30, 2006-Ohio-6855. The court further observed that these courts are reluctant to apply the *Pearce* presumption as *Foster* remands are based upon void sentences wherein factors were considered in the original sentencing which the Ohio Supreme Court later found unconstitutional.

{¶ 17} In the case now before the court, appellant was sentenced by another judge after the original judge was elected to the court of appeals, similar to the facts in a recent case before this court. *State v. Kincaid*, 6th Dist. No. L-08-1163, 2009-Ohio-3211.

{¶ 18} In *Texas v. McCullough* (1986), 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104, the United States Supreme Court stated that the *Pearce* presumption of vindictiveness does not apply when different sentencers were involved and each assessed the varying sentences that defendant received. The court stated:

{¶ 19} "When different sentencers are involved, '[i]t may often be that the [second sentencer] will impose a punishment more severe than that received from the [first]. But it no more follows that such a sentence is a vindictive penalty for seeking a[new] trial than that the [first sentencer] imposed a lenient penalty.' *Colten v. Kentucky* (1972), 407 U.S. 104, 117, 92 S.Ct. 1953, 32 L.Ed.2d 584." Id. at 138, 979.

8

{¶ 20} In this case, there is no presumption of vindictiveness in the sentence imposed. Appellant also has not provided any evidence of actual vindictiveness on the part of the sentencing judge. For the forgoing reasons, appellant's first and second assignments of error are found not well-taken.

{¶ 21} In his third assignment of error, appellant similarly asserts that the trial court abused its discretion by imposing on appellant a lengthier sentence upon remand.

{¶ 22} Under Ohio law, it is well-settled that "post-*Foster*, in reviewing felony sentences within the statutory range, [appellate courts] apply an abuse of discretion standard." *State v. Lloyd*, 11th Dist. No.2006-L-185, 2007-Ohio-3013, ¶ 36. "An abuse of discretion is more than an error in judgment or law; rather, it implies an attitude on part of the trial court that is unreasonable, arbitrary, or unconscionable." *Id., citing Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 23} In each of the three assignments of error, appellant essentially asserts that the trial court abused its discretion by sentencing appellant, upon remand, to consecutive prison sentences of ten years on each count. In support, appellant argues that the trial court should have imposed the same, or a lesser, sentence as originally imposed by the trial court under Judge Skow.

{¶ 24} In the present case, as this court previously determined in *State v. Boyd, supra*, the trial court relied on R.C. 2929.14(C) in the original sentencing of appellant. Specifically, the trial court stated that appellant had committed the worst form of rape, the offense on which appellant was charged. This statutory section has been held unconstitutional by the Supreme Court of Ohio in *Foster*. Accordingly, based on the Supreme Court of Ohio's ruling in *Foster*, this court remanded the improperly determined sentence for resentencing in light of the principles announced in *Foster*.

{¶ 25} Under Ohio law it is well-settled that, with respect to felony offenders, the sentencing court "shall be guided by the overriding purposes of felony sentencing." R.C. 2929.11(A). In particular, "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender * * * and to punish the offender." *Id*. Furthermore, "[t]o achieve [these] purposes, the sentencing court shall consider the need for incapacitating the offender * * * and making restitution to * * * the public * * *." *Id*.

{¶ 26} In the present case, it is undisputed that the trial court, at the resentencing hearing under Judge Cook, properly considered the overriding purposes of felony sentencing. Specifically, the trial court explicitly stated that one of the "overriding purpose[s] of felony sentenc[ing] is to protect the public from future crimes by the offender." Additionally, the trial court properly recognized that in "achiev[ing] [this] purpose the Court shall consider the need for incapacitating the offender."

{¶ 27} In conjunction with the above stated legal principles, the Supreme Court of Ohio has held that, upon remand for resentencing, "[c]ourts shall consider those portions of the sentencing code that are unaffected by [the *Foster* ] decision and impose any sentence within the appropriate felony range." *Foster, supra*, at ¶ 105. Most significantly, "[i]f an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively." *Id*. Accordingly, as this court has previously determined, "[p]ursuant to *Foster*, after imposing separate prison terms * * * the judge in [his or her] discretion may

9

consider whether the offender should serve those terms concurrently or consecutively." *State v. Goodell*, 6th Dist. No. L-07-1016, 2007-Ohio-5318, ¶ 23. Moreover, "[w]hile the [appellant] may argue for reductions in [his or her] sentences, nothing prevents the state from seeking greater penalties." *Foster*, *supra*, at ¶ 105.

{¶ 28} This is precisely what occurred in the present case. The record clearly shows that the trial court, in light of the record and appellant's oral statements, determined that appellant represented "the worst kind of predator * * * [and] that* * * [appellant would] continue to offend * * *." The trial court further recognized, after consideration of the applicable statutory factors, that "protecting the public is first and foremost * * * and [appellant's] repeated history [as a] sex offender put the public at great risk * * *."

{¶ 29} Under Ohio law, it is axiomatic that "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to * * * give their reasons for imposing maximum, consecutive, or more than minimum sentences." *Foster*, 2006-Ohio-856, 109 Ohio St.3d 1, 845 N.E.2d 470, at paragraph seven of the syllabus. Nonetheless, the trial court, upon remand, explicitly stated that the appellant's likelihood of recidivism left the trial court with "no choice but to protect the public * * * " by sentencing appellant to consecutive sentences of ten years on each of the four counts of rape.

{¶ 30} This court has carefully reviewed the record, particularly the resentencing hearing transcript, and the applicable legal standards. The record clearly shows that, upon remand, the trial court properly considered the relevant statutory and case law sentencing principles. This court finds that in sentencing appellant, on remand, to four consecutive terms of ten years the trial court did not act arbitrarily, unreasonably, or unconscionably. On the contrary, the trial court acted pursuant to clear legal authority granted by the Supreme Court of Ohio's decision in *Foster*. Appellant's assignments of errors are found not well-taken.

*State v. Boyd*, 2009 WL 2373480, *2-4 (Ohio App. 6th Dist. Jul. 31, 2009).

Boyd relies heavily on the district court's opinion in *Goodell v. Williams*, 676 F.Supp.2d

640 (N.D. Ohio 2009). The Sixth Circuit, however, recently reversed the district court. As

the Sixth Circuit in *Goodell* noted, in this circuit, as well as seven sister circuits, it is clearly

established that the presumption of vindictiveness does not apply when the varying sentences

are imposed by different sentencers. *Goodell* at 500. As such, this Court cannot find that the

state appellate court's application of federal law was objectively unreasonable. The state

court discussed *Pearce*, *McCullough*, and *Colten*, concluding that there was no presumption

of vindictiveness in the imposed sentence and further ruling that Boyd provided no evidence

of actual vindictiveness by the resentencing judge. The state appellate court reasonably

applied clearly established Federal law.

Further, Boyd's two-step analysis – (1) that defendants have the right to appeal based on

*Chaffin*; and, (2) that the presumption of vindictiveness should apply to all *Foster* resentencings in order to avoid chilling a defendant's appellate rights by what he calls "institutional vindictiveness" (Doc. No. 14 at 14-20) – is not supported by the record or applicable Supreme Court precedent.

Boyd alternatively argues that his sentence was the product of actual judicial vindictiveness.  Specifically, he contends that the resentencing court did not have any new evidence on which to base the twenty year increase.  (Doc. No. 14 at 20-22.)  Where the presumption of vindictiveness is held not to apply, a due process violation can be established only by proof of actual vindictiveness.  *See, e.g.*, *Wasman v. United States*, 468 U.S. 559, 569 (1984).  "While sentencing discretion permits consideration of a wide range of information relevant to the assessment of punishment, [the Supreme Court has] recognized it must not be exercised with the purpose of punishing a successful appeal."  *Alabama v. Smith*, 490 U.S. 794, 799 (1989) (citations omitted).  "*Pearce* requires no more than that 'the second sentencer provide an on-the-record, wholly logical, nonvindictive reason for the sentence.'" *Gauntlett*, 849 F.2d at 217, *citing McCullough*, 475 U.S. at 140.

Boyd argues that a single statement made during the resentencing hearing illustrates judicial vindictiveness.  After increasing Boyd's sentence to forty years, the resentencing judge stated:

> I understand that this is like a life sentence to you, Mr. Boyd, and I have labored over sentencing you to more time *not because I believe you deserve it*, but because of this technical appellate decision.  I don't believe a lay person has the ability to understand when you come through on one appellate issue that you would ever think that you would be sentenced to more time and certainly that is something that I believe the Court of Appeals will address on this matter.

(Doc. No. 7-2, pp. 329.) (emphasis added).  Respondent argues that the resentencing judge recognized that Boyd's initial sentence of twenty years was inadequate in light of the gravity of his offenses.  (Doc. No. 7 at 17.)  Boyd was convicted of raping two different men, two times each.  *Id.*  At resentencing, Judge Cook explained the forty-year sentence as follows:

> . . . Thank you. [Defense counsel], I certainly appreciate your laying out in your mitigation statement the law in the areas in which you want the Court to take consideration.  I know you've worked in great detail trying to address the sentencing issues that we're dealing with and your representation of Mr. Boyd has

11

been stalwart representation and I know you've gone above and beyond trying to make sure the case law is researched and there is a new area for both of us to enter and certainly affects Mr. Boyd more than anyone here and I do appreciate what you've done and I have not gone into this lightly and we'll have to note that Mr. Boyd was sentenced prior to the State versus Foster case and under the ex post facto arguments that you are making. However, the sentencing structure that was available back in 2004 still hasn't changed in the sense that he is still facing the ten year sentence so we're not looking at additional time being imposed as though we have greater sentences for the same crime, it's still the same amount of time that was potentially available, and certainly expect. No matter what we do here, there is the possibility that we will have additional clarification on the matter in the future which I think would be helpful to all of us.

Mr. Boyd, your case is before the court for re-sentencing as pertains to the unconstitutional language that was used in the original sentencing that was overturned in State versus Foster. You are aware, that I have continued your case several times as I've tried to become as familiar as possible with the trial transcripts, your probation report, a presentence report and the Court Diagnostic Report.

Your attorney, Mr. Dech, has obviously just been appointed for the purpose of the sentencing so he too was trying to get up to speed and I know he requested and has gone through your trial transcript. I understand from contacts he has also met with you several times. Mr. Dech has reviewed your presentence report and your Court Diagnostic Report that was previously prepared and he has also provided the court with a sentencing memorandum with case law and supported his position as to why your sentence should not be altered in an upward motion.

I have reviewed all the pertinent law and to the best of my reading and understanding it does not require me to give you the exact same sentence.

THE DEFENDANT: Yes, ma'am.

THE COURT: To be honest with you, I wish it did, that would be easier for all of us. It does, however, require me to focus on the part of your sentence that was appealed and in your case appellate counsel appealed the consecutive sentence of your original sentence and I want you to know that I have labored over this sentence and I again had hoped that the law would be perfectly clear as to my limitations and I don't feel that it is.

As the sentencing judge, I'm required to fashion a sentence that is to protect the public and serve as punishment for you for the crimes that you were convicted of.

Upon reading the trial transcript and all the information that the jury heard and then reading your record and the information provided in that presentence report and the Court Diagnostic and Treatment Report I do feel I have that necessary information to form the sentence.

And, Mr. Boyd, certainly you and I have been pleasant to each other as we've dealt with each other in the Court. But the facts of the case were horrendous, and both of these victims have had their lives altered in an unimaginable way and what you did to them will not end with them. The fallout will go far reaching into their relationships and potentially to different aspects of their lives that I think will be forever effected by what happened to them. I feel that their future is completely altered by this vicious sexual attack you made. And both of these men that

12

reported to police underwent rape kits.  There seems nothing in their minds that this was consensual about this independently of each other.  They sought help immediately.  I don't have people that were working in concert, I have two unknown people to each other that had the same thing happen to them and I obviously have to take that into consideration.

Pursuant to Revised Code Section 2929.11 and the purposes of felony sentencing under paragraph (1).  A Court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing.  That overriding purpose of felony sentence is to protect the public from future crimes by the offender.  To achieve the purpose the court shall consider the need for incapacitating the offender.

Under paragraph B, a sentence imposed shall be reasonably calculated to achieve the two overriding purposes of felony sentencing.

When I read your trial transcript I had an open mind because all of these facts were unknown to me.  After reading the transcript I believe the jury came to the right decision to find you guilty on all four counts of the felony 1 rape.  Then I read the presentence report and your record and I was appalled to find out you had only been out of prison for about three months after serving a ten-year sentence for crimes that fit the same exact fact pattern.  They are so similar it was shocking.

Then I went on to read your Court Diagnostic Report which stated that you are a habitual sexual offender and in fact in terms of labeling that goes on in those diagnostic reports you were labeled a psychopath and there is every likelihood you will re-offend and that is a really scare term to use on anybody.  And your testing levels and your past behaviors have made you truly one of the most dangerous predators I have come across.

I can't take the risk that you will destroy lives out in the community and, frankly, I'm even worried about unleashing you on the prison community because I'm not sure what your behavior is there.  I'm not held to repeating the same sentence that you were previously given.  I have tried to protect your due process rights.  I've tried to only take in the information that was available to the judge at the original sentencing.  I have not wanted in any way to cloud this sentencing by calling to find out what your behavior was in prison.  I've chosen to only look at what was available.

THE DEFENDANT: I wish you would have.

THE COURT: And certainly I understand your point that may make a difference.  But I feel in order to protect your due process rights, if I take in just what was available at that point I am certainly not adding a variable other than myself, which I'm the new variable here and I really have chosen to try and stay as focused as possible on the information that was available.

You are a young man.  You have a very lengthy criminal history from the point of your adolescence until now.  I do find that you are the worst kind of predator in the sense that your record has shown that you have offended before and you will continue to offend and there are certainly some psychological components here that may cause you to not have a proper way of thinking.  I don't know if this behavior was something that you were born with or whether or not this is behavior that has occurred because of your years in institutional settings.  I do, however, believe its my duty to keep you away from the public as long as I possibly can.

13

I will note that the sentencing hearing has been held pursuant to Revised Code Section 2929.19, that you've been afforded all rights pursuant to Criminal Rule 32. That the Court has considered the record, and oral statements made by you. I was aware of victim impact statements that were in the original report, however, I have not heard or taken in any new information from victims as of today's date.

I have read the PSI report that was prepared originally for sentencing as well as the principles and purposes of sentencing under Revised Code Section 2929.11. I have balanced the serious and recidivism factors under 2912.12.

I again will remind you that you have an implied right to appeal your plea as well as the right to appeal your sentence under certain circumstances as provided under code section 2953.08. I do find that you have been convicted of counts 1, 2, 3, and 4, all first degree felony charges of rape – I'm sorry, I used the language of the plea and this was a trial. I'm reading from the sentencing form and this was not a plea on this matter, this was a situation which you were convicted at trial.

So for purposes of the record, I would acknowledge that Mr. Boyd is not here on a plea to Counts 1, 2, 3, and 4 of rape but has been found guilty at trial to the first degree felony charges of rape, four counts, and again, based on the conviction you have a right to appeal the sentence based on the same statute that I gave you.

On Count 1, rape, a felony of the first degree, I sentence you to 10 years. Count 2 of rape, a felony of the first degree, 10 years. Count 3, rape, felony of the first degree, 10 years, and count 4, rape, felony of the first degree, 10 years. I sentence you to 10 years on each to be served consecutive for a total of 40 years.

I understand this is like a life sentence to you, Mr. Boyd and I have labored over sentencing you to more time not because I believe you deserve it, but because of this technical appellate decision. I don't believe a lay person has the ability to understand when you come through on one appellate issue that you would ever think that you would be sentenced to more time and certainly that is something that I believe that the Court of Appeals will address on this matter.

This sentence does come from me with great deliberation and thoughtfulness. However, the overriding purpose of protecting the public is first and foremost for me and your repeated history of sex offender put the public at great risk and I have no choice but to protect the public from a known predator.

(Doc. No. 7-2, Resentencing Transcript, pp. 8-20.)

The resentencing judge expressed no anger toward Boyd for his successful appeal.

There was no animosity or frustration behind the judge's decision to increase Boyd's

sentence. In fact, the judge stated that after reviewing the record before the original judge,

Boyd's sentence was increased in order to protect the public. The Court Diagnostic Report

labeled Boyd a "psychopath." Based on this information, the resentencing court found that

Boyd was "the worst kind of predator" who "offended before and . . . will continue to

offend," and is a risk to both the general society and the prison community. (Doc. No. 7-2,

14

PageID #325-326; 318-330.)  The resentencing judge provided "an on-the-record, wholly logical nonvindictive reason" for increasing Boyd's sentence.  *See Gauntlett*, 849 F.2d at 217, *citing McCullough*, 475 U.S. at 140.  There is no evidence that the resentencing judge acted vindictively as a punishment for Boyd's successful appeal.

### IV.  Conclusion

For the foregoing reasons, it is recommended that Boyd's Petition be denied.

s/ Greg White<br>
United States Magistrate Judge

Date:   January 12, 2012

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**

15