**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **STEPHEN J. BOYD,** | ) | **CASE NO. 3:10CV2166** |
| | ) | |
| **Petitioner,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **TIM BRUNSMAN, Warden,** | ) | **MEMORANDUM OF OPINION** |
| | ) | |
| **Respondent.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter comes before the Court on Petitioner Stephen J. Boyd's  Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1).   For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition.

<u>**FACTS**</u>

The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On October 10, 2003, a Lucas County Grand Jury charged Petitioner with four counts of Rape.  On March 24, 2004, Petitioner was found guilty by a jury as charged.  On May 3, 2004, the trial court imposed a sentence of ten years on each count, with Counts One and Two to run concurrently to one another, but consecutive to Counts Three and Four, and Counts Three and Four to run concurrently to one another but consecutive to Counts One and Two, resulting in an aggregate prison term of twenty years.  On December 27, 2005, Petitioner  filed a Notice of Appeal with the Sixth District Court of Appeals.  On August 11, 2006, the court affirmed Petitioner's conviction, but vacated his sentence and remanded the case for re-sentencing pursuant to *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).

On February 26, 2007, a new judge sentenced Petitioner to serve ten years imprisonment for each count of Rape, with all counts to be served consecutive to one another, resulting in an aggregate term of forty years.   Petitioner filed a Motion for Reconsideration of his sentence, which was denied on April 20, 2007.  Petitioner appealed his re-sentencing, and on July 31, 2009, the Court of Appeals affirmed Petitioner's sentence.  On August 28, 2009, Petitioner filed a Notice of Appeal to the Ohio Supreme Court.  On November 18, 2009, the Ohio Supreme Court dismissed the Appeal as not involving any substantial constitutional question.

Petitioner  filed the instant Petition for a federal Writ of Habeas Corpus in this Court on September  27, 2010, asserting the following  ground for relief:

**Ground One:** Stephen J. Boyd was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution when the resentencing court imposed a harsher sentence upon remand.

On October 8, 2010, this Court referred Petitioner's Petition to the Magistrate Judge

2

for a Report and Recommendation. The Magistrate Judge issued his Report and Recommendation on January 12, 2012. Petitioner filed his Objections to the Report and Recommendation on January 25, 2012. Respondent filed a Response to Petitioner's Objections to Report and Recommendation on January 27, 2012.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. See *Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Clearly established federal law is determined by the holdings of the United States Supreme Court. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law." *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. at 413.

4

By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law. *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions." *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

Petitioner contends that his sentence was vindictively increased from twenty to forty years by the trial judge at his *Foster* re-sentencing hearing.  When the case was remanded for re-sentencing, Petitioner faced a new judge.  The Government asserts that the new judge recognized that the initial sentence was inadequate to address the gravity of the offenses, and imposed a more appropriate sentence.

A court is not constitutionally barred from imposing a greater sentence upon a defendant who is being resentenced after a successful appeal. *North Carolina v. Pearce*, 395 U.S. 711, 719-723 (1969).  Rather, a court may not impose a greater sentence on remand out of vindictiveness. *Id.* at 725.  It is not the increase, but the retaliatory motive that violates due process. *Id.*  The Magistrate Judge points out that the Supreme Court subsequently curtailed the reach of the *Pearce* presumption.  In *Texas v. McCullough*, 475 U.S. 134, 140 (1986), the Supreme Court found that "[t]he

5

presumption [of vindictiveness was] inapplicable because different sentencers assessed the varying sentences that [the defendant] received."  A second, detached sentencer "will have no personal stake in the prior conviction and no motivation to engage in self-vindication." *Chaffin v. Stynchcombe*, 412 U.S. 27 (1973).

In his Report and Recommendation, the Magistrate Judge thoroughly reviewed the Court of Appeals record as well as the statements made by the  judge at the sentencing hearing.  Just as the Court of Appeals found that there was no presumption of vindictiveness on the part of the re-sentencing judge, the Magistrate Judge also concluded that the re-sentencing judge expressed no anger toward Petitioner for his successful appeal, and there was no animosity or frustration behind the judge's decision to increase the sentence.  Therefore, the Court agrees with the Magistrate Judge that the Court of Appeals' application of federal law was not objectively unreasonable.

In his Objections to the Magistrate Judge's Report and Recommendation, Petitioner contends that the Court of Appeals misapplied and misinterpreted *Pearce* and *McCullough,* and the Magistrate Judge incorrectly decided that Petitioner's increased sentence was not the product of actual judicial vindictiveness.  Petitioner contends that his 40-year sentence was illogical and unreasonable.  Respondent asserts in the Response to Petitioner's Objections that the Magistrate Judge accurately stated and applied the underlying facts and pertinent law.  This Court agrees with the Magistrate Judge's determination that the record of the second sentencing hearing is clear.  Petitioner has not provided any evidence of actual vindictiveness by the re-sentencing judge.

Upon re-sentencing, the judge thoroughly outlined the reasons for the additional

6

sentence, stating that after reviewing the record before the original judge, Petitioner was considered to be a repeat sex offender and the worst kind of predator.  The judge stated that the Court Diagnostic Report labeled Petitioner as a psychopath.   The judge further stated that based on this information, Petitioner  will continue to offend, and is a risk to the public.  In order to protect the public,  the judge had no choice but to increase Petitioner's sentence.  The Magistrate Judge correctly points out that the so-called increase can no more be blamed on a vindictive second sentencer then it can be blamed on an overly lenient first sentencer. *Colten v. Kentucky*, 407 U.S. 117.  The Court agrees that there is no evidence that the re-sentencing judge acted vindictively as a punishment for Petitioner's successful appeal.  Therefore, the sole ground for relief is without merit and denied.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments.   The Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3).  Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody**,** the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

s/Christopher A. Boyko

Date:1/31/2012                          CHRISTOPHER A. BOYKO
United States District Judge